| Count | Date(s) and state(s) | Defendant(s) | Number of Cases and Cigarettes |
|---|---|---|---|
| 26 | On or about November 7, 2002; California | CHENG MING HSU, CHANG SHAN LIU and MAY LIU | 1,050 cases; 10,500,000 cigarettes |
| 27 | On or about December 12, 2002; New York | CHENG MING HSU, CHANG SHAN LIU, MAY LIU, CHANG HUO JUNG and SHUANG YING HUANG | 100 cases; 1,000,000 cigarettes |
| 28 | On or about January 29, 2003; New Jersey | CHENG MING HSU, CHANG SHAN LIU and MAY LIU | 100 cases; 1,000,000 cigarettes |
| 29 | On or about February 11, 2003; Illinois | CHENG MING HSU, CHANG SHAN LIU and MAY LIU | 100 cases; 1,000,000 cigarettes |
| 30 | On or about February 19, 2003; New Jersey | CHENG MING HSU, CHANG SHAN LIU, MAY LIU, HUA YOU and TIE HUA CHEN | 200 cases; 2,000,000 cigarettes |
| 31 | On or about February 26, 2003; New Jersey | CHENG MING HSU, CHANG SHAN LIU, MAY LIU, CO KHANH TANG, HUA YOU and TIE HUA CHEN | 300 cases; 3,000,000 cigarettes |
| 32 | On or about March 7, 2003; Illinois | CHENG MING HSU, CHANG SHAN LIU and MAY LIU | 225 cases; 2,250,000 cigarettes |

| Count | Date(s) and state(s) | Defendant(s) | Number of Cases and Cigarettes |
|---|---|---|---|
| 33 | On or about March 18, 2003; Illinois | CHENG MING HSU, CHANG SHAN LIU and MAY LIU | 200 cases; 2,000,000 cigarettes |
| 34 | On or about March 27, 2003; Illinois | CHENG MING HSU, CHANG SHAN LIU and MAY LIU | 100 cases; 1,000,000 cigarettes |
| 35 | On or about April 1, 2003; California | CHENG MING HSU, CHANG SHAN LIU, MAY LIU and CO KHANH TANG | 807 cases; 8,070,000 cigarettes |
| 36 | On or about June 17, 2003; Illinois | CHENG MING HSU, CHANG SHAN LIU and MAY LIU | 898 60 carton cases 10,776,000 cigarettes |
| 37 | On or about June 24, 2004; California | CHENG MING HSU, CHANG SHAN LIU, MAY LIU, TAT CHUI WONG and KA HO STANLEY AU | 839 cases; 8,390,000 cigarettes |
| 38 | On or about August 26, 2003; New Jersey | CHENG MING HSU, CHANG SHAN LIU, MAY LIU, CO KHANH TANG, NHI LAM WIGET and YANG GUANG LU | 250 cases; 2,500,000 cigarettes |
| 39 | On or about August 27, 2003; New Jersey | CHENG MING HSU, CHANG SHAN LIU, MAY LIU, CO KHANH TANG, NHI LAM WIGET and YANG GUANG LU | 634 cases; 6,340,000 cigarettes |

| Count | Date(s) and state(s) | Defendant(s) | Number of Cases and Cigarettes |
|---|---|---|---|
| 40 | On or about October 15, 2003; New Jersey | **CHENG MING HSU, CHANG SHAN LIU, MAY LIU,** and **CO KHANH TANG** | 455 cases; 4,550,000 cigarettes |
| 41 | On or about November 17, 2003; New Jersey | **CHENG MING HSU, CHANG SHAN LIU** and **MAY LIU** | 1,103 cases; 11,030,000 cigarettes |
| 42 | On or about December 2, 2003; California | **CHENG MING HSU, CHANG SHAN LIU, MAY LIU** and **CHING YU GUO** | 20 cases; 401 (60 carton cases) 5,012,000 cigarettes |

In violation of Title 18, United States Code, Sections 2342(a) and 2.

## COUNT FORTY THREE
### (Conspiracy to Launder Monetary Instruments)

1.  The Grand Jury re-alleges and incorporates the Introduction and the Overt Acts alleged in Count One as if fully set out herein.

2.  Beginning in or about January 2002 and continuing through the date of this Indictment, in the District of New Jersey, the District of Maryland, the Northern District of Illinois, the Central District of California and elsewhere, the Defendants,

**CHENG MING HSU,**
a/k/a "Bruce,"
**CHANG SHAN LIU,**
a/k/a "Charles Liu"
and
**MAY LIU,**
a/k/a "May Chin"

did knowingly and willfully conspire and agree with each other, with other unindicted co-conspirators and with others both known and unknown to the grand jury, to commit an offense against the United States, that is they conspired to:

(a) conduct financial transactions which involved the proceeds of specified unlawful activity, specifically, smuggling counterfeit goods, trafficking in goods bearing counterfeit marks and trafficking in contraband cigarettes, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, and knowing that the transactions were designed in whole and in part to (1) conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity and (2) avoid a transaction reporting requirement under federal law, contrary to Title 18, United States Code, Sections 1956(a)(1)(B)(i) and (ii); and

(b) transmit and transfer monetary instruments and funds from a place in the United States to a place outside the United States, knowing the funds involved in the transmission represented the proceeds of some form of unlawful activity and knowing that such transmission was designed in whole or in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of specified unlawful activity, specifically, smuggling counterfeit goods in violation of Title 18, United States Code, Section 545, trafficking in goods bearing counterfeit marks in violation of Title 18, United States Code, Section 2320 and trafficking in contraband cigarettes in violation of Title 18, United States Code, Section 2342, contrary to Title 18, United States Code, Section 1956 (a)(2).

All in violation of Title 18, United States Code, Section 1956(h).

## COUNTS FORTY FOUR through FORTY NINE
### (Laundering Monetary Instruments)

1. The Grand Jury re-alleges and incorporates the Introduction and the Overt Acts alleged in Count One as if fully set out herein.

2. On or about the dates listed below, in the District of New Jersey, the District of Maryland, the Northern District of Illinois, the Central District of California and elsewhere, the defendants set forth below, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, and knowing that the transactions were designed in whole and in part to (1) conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and (2) avoid a transaction reporting requirement under federal law, did knowingly and willfully conduct, cause to be conducted, and attempt to conduct the following financial transactions which, in fact, involved the proceeds of specified unlawful activity, namely smuggling counterfeit goods in violation of Title 18, United States Code, Section 545, trafficking in goods bearing counterfeit marks in violation of Title 18, United States Code, Section 2320 and trafficking in contraband cigarettes in violation of Title 18, United States Code, Section 2342:

| Count | Date | Defendant(s) | Amount of financial transaction(s) |
|---|---|---|---|
| 44 | On or about February 20, 2003 through on or about February 21, 2003 | CHENG MING HSU, CHANG SHAN LIU and MAY LIU | $50,000 |
| 45 | On or about February 27, 2003 through on or about March 3, 2003 | CHENG MING HSU and CHANG SHAN LIU | $20,000 |

| Count | Date | Defendant(s) | Amount of financial transaction(s) |
|---|---|---|---|
| 46 | On or about April 1, 2003 through on or about April 18, 2003 | **CHENG MING HSU, CHANG SHAN LIU and MAY LIU** | $57,600 |
| 47 | On or about April 19, 2003 | **CHENG MING HSU and CHANG SHAN LIU** | $70,000 |
| 48 | On or about May 15, 2003 | **CHENG MING HSU and CHANG SHAN LIU** | $47,000 |
| 49 | On or about June 22, 2003 through on or about July 3, 2003 | **CHENG MING HSU, CHANG SHAN LIU and MAY LIU** | $55,300 |

In violation of Title18, United States Code, Sections 1956(a)(1) and 2.

## COUNTS FIFTY through FIFTY FOUR
### (Laundering Monetary Instruments)

1. The Grand Jury re-alleges and incorporates the Introduction and the Overt Acts alleged in Count One as if fully set out herein.

2. On or about the dates listed below, in the District of New Jersey, the District of Maryland, the Northern District of Illinois, the Central District of California and elsewhere, the defendants set forth below, knowing the funds involved in the transmission represented the proceeds of some form of unlawful activity and knowing that such transmission was designed in whole or in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of specified unlawful activity, specifically, trafficking in contraband cigarettes contrary to Title 18, United States Code, Section 2342, did knowingly transmit and transfer, cause to be transmitted and transferred, and attempt to transmit and transfer monetary instruments and funds, in the amounts listed below, from a place in the United States to a place outside the United States, listed below:

| Count | Date/Location | Defendant | Amount of monetary instrument and funds |
|---|---|---|---|
| 50 | On or about February 21, 2003; Taiwan | CHENG MING HSU, CHANG SHAN LIU and MAY LIU | $ 50,000 |
| 51 | On or about March 3, 2003; Hong Kong, China | CHENG MING HSU and CHANG SHAN LIU | $ 20,000 |
| 52 | On or about April 22, 2003; Hong Kong, China | CHENG MING HSU | $ 107,600 |

| 53 | On or about May 20, 2003; Hong Kong, China | **CHENG MING HSU** | $ 17,000 |
|---|---|---|---|
| 54 | On or about July 3, 2003; China | **CHENG MING HSU, CHANG SHAN LIU and MAY LIU** | $ 55,300 |

In violation of Title 18, United States Code, Sections 1956(a)(2) and 2.

## COUNTS FIFTY FIVE through FIFTY EIGHT
(Monetary Transaction in Criminally Derived Property)

1. The Grand Jury re-alleges and incorporates the Introduction and the Overt Acts alleged in Count One as if fully set out herein.

2. On or about the dates listed below, in the District of New Jersey, the District of Maryland, the Northern District of Illinois, the Central District of California and elsewhere, the defendants set forth below, did knowingly engage and attempt to engage and did aid, abet, command, counsel, command, induce and procure and cause the engaging and attempts to engage in the following monetary transactions by through or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, that is the transfer of funds, such property having been derived from a specified unlawful activity, that is, trafficking in contraband cigarettes contrary to Title 18, United States Code, Section 2342:

| Count | Date | Defendant | Monetary Transaction |
|---|---|---|---|
| 55 | On or about January 18, 2002 | CHANG SHAN LIU, MAY LIU and WEI LI GU | Wire Transfer of $14,000 |
| 56 | On or about January 18, 2002 | CHANG SHAN LIU and MAY LIU | Wire Transfer of $20,000 |
| 57 | On or about November 14, 2002 | CHENG MING HSU, CHANG SHAN LIU and MAY LIU | Wire Transfer of $55,000 |
| 58 | On or about October 31, 2003 | CHENG MING HSU, CHANG SHAN LIU and MAY LIU | Wire Transfer of $50,000 |

In violation of Title 18, United States Code, Sections 1957 and 2.

85

## THIRD FORFEITURE ALLEGATION

1. The allegations contained in Counts 43 through 58 are incorporated as if set forth at length herein for the purposes of noticing forfeiture, pursuant to Title 18, United States Code, Section 982(a)(1).

2. As the result of committing one or more of the money laundering offenses in violation of 18 U.S.C. §§ 1956 and 1957, alleged in Counts 43 through 58 of this Indictment, defendants CHENG MING HSU, CHANG SHAN LIU, MAY LIU and WEI LI GU shall forfeit to the United States pursuant to pursuant to Title 18, United States Code, Section 982(a)(1), the following property:

    a. All right, title, and interest in any and all property involved in each offense in violation of Title 18, United States Code, Sections 1956 and 1957, for which the defendant is convicted, and all property traceable to such property, including the following:

        (i) all money and other property that was the subject of each transaction, transportation, transmission, and transfer in violation of Title 18, United States Code, Section 1956;

        (ii) all commission, fees and other property constituting proceeds obtained as a result of those violations; and

        (iii) all property used in any manner and part to commit and to facilitate the commission of those violations, including but not limited to the following:

VEHICLES

    a) one gold 1996 Mercedes Benz, California registration 3RRG516, registered to

    b. A money judgment equal to the total amount of money involved in any offense set forth in Counts 43 through 58 for which each defendant is convicted. If more than one

defendant is convicted of an offense, the defendants so convicted are jointly and severally liable for the amount involved in the offense.

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), each defendant shall forfeit substitute property, up to the value of the amount described in paragraph 2 above, if, by any act and omission of any defendant, the property described in paragraph 2, or any portion there of:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred, sold to or deposited with a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty.

pursuant to Title 18, United States Code, Section 982(a)(1).

A TRUE BILL

_____
FOREPERSON

_____
CHRISTOPHER J. CHRISTIE
United States Attorney

CASE NUMBER:

United States District Court
District of New Jersey

UNITED STATES OF AMERICA

v.

CHENG MING HSU, a/k/a "Bruce,"
CHANG SHAN LIU, a/k/a "Charles Liu,"
MAY LIU, a/k/a "May Chin,"
CO KHANH TANG, a/k/a "Keith,"
XIAO FENG WEI, a/k/a "Chen Wen Juan," a/k/a "Mr. Chen,"
WEI LI GU,
SHEN WEN CHEN,
CHANG HUO JUNG,
SHUANG YING HUANG, a/k/a "Tina,"
HUA YOU, a/k/a "Lee Fan Ming," a/k/a "Richard," a/k/a "Ah Keung,"
TIE HUA CHEN,
TAT CHUI WONG, a/k/a "Sunny,"
KA HO STANLEY AU,
NHI LAM WIGET, a/k/a "Kwai Ping Tse," a/k/a "Nicky Wong,"
YANG GUANG LU, a/k/a "Eddie Lu," a/k/a "Lu Guang Yang,"
a/k/a "Eric Ho," a/k/a "Yang Lu," a/k/a "Mike,"
CHING YU GUO, a/k/a "Michael Guo"

## INDICTMENT FOR

18 U.S.C. § 1962 (d)
18 U.S.C. § 371
18 U.S.C. § 545
18 U.S.C. § 1956
18 U.S.C. § 1957
18 U.S.C. § 2320
18 U.S.C. § 1342
18 U.S.C. § 2
18 U.S.C. § 982
18 U.S.C. § 1963

A True Bill

_____
Foreperson

CHRISTOPHER J. CHRISTIE
U.S. ATTORNEY
NEWARK, NEW JERSEY

STEPHEN J. TAYLOR
ASSISTANT U.S. ATTORNEY
973-645-2824

USA-48AD 8 (Ed. 1/97)